IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARLOS RODRIQUEZ and          :          CIVIL ACTION
COLLEEN RODRIQUEZ             :
                             :
        v.                   :
                             :
CITY OF PHILADELPHIA          :          NO. 07-cv-04021-JF

MEMORANDUM AND ORDER

Fullam, Sr. J.                                    December 9, 2008

        Plaintiff Carlos Rodriquez was employed as a
Philadelphia police officer, assigned to work as a cell block
attendant at the Community Corrections Center, in the 9th
District.  On September 7, 2007, he was viciously assaulted by a
prisoner, receiving disabling injuries.  He and his wife have
brought this § 1983 action against the City of Philadelphia, for
damages associated with the injuries he sustained.  The City of
Philadelphia, the only named defendant, has filed a motion for
summary judgment.  For several reasons, that motion must be
granted.

        The facts of the case are indeed unfortunate.  The
Police Department was shorthanded, and, on the date in question,
did not assign a sufficient number of cell block attendants.  At
the time of the assault, plaintiff was the only officer present
in the cell block, which included cell number 8, assigned to
house prisoners who seemed likely to attempt suicide, or were

otherwise likely to misbehave.  Thus, it seems clear that Police
Department rules and regulations, and orders from superior
officers, were not being observed.  Indeed, had prevailing orders
been implemented, there would have been at least four officers on
duty in the cell block, and, presumably, plaintiff would not have
suffered injury.  But plaintiff can recover damages in this
action only by establishing that his constitutional rights were
violated, and that the violation was attributable to some
established policy or practice of the City of Philadelphia.
Monell v. New York City Dep't of Social Services, 436 U.S. 658
(1978); Andrews v. City of Philadelphia, 895 F.2d 1469 (3d Cir.
1990).  Moreover, a government employer owes no constitutional
obligation to provide its employees with minimum levels of safety
and security in the workplace.  Collins v. City of Harker
Heights, 503 U.S. 115, 127 (1992); Schieber v. City of
Philadelphia, 320 F.3d 409, 417-18 (3d Cir. 2003).

On the undisputed facts of this case, the City of
Philadelphia cannot be held liable to plaintiffs.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARLOS RODRIQUEZ and      :        CIVIL ACTION
COLLEEN RODRIQUEZ         :
                          :
        v.                :
                          :
CITY OF PHILADELPHIA      :        NO. 07-cv-04021-JF

ORDER

AND NOW, this 9th day of December 2008, upon

consideration of the defendant's motion for summary judgment, and

the response, IT IS ORDERED:

1.    JUDGEMENT is ENTERED in favor of the defendant,

City of Philadelphia, and against the plaintiffs.

2.    The Clerk is directed to close the file.

BY THE COURT:

 /s/ John P. Fullam
John P. Fullam, Sr. J.